UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:21-CV-00694-DJH-CHL

SHARON E. LANHAM ,                                                                            Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,           Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to bifurcate and stay discovery on the pending bad faith claim filed by Defendant State Farm Mutual Automobile Insurance Company ("Defendant").  (DN 7.) Subsequent to Defendant's filing the motion, Defendant and Plaintiff Sharon E. Lanham ("Plaintiff") jointly filed a proposed agreed order bifurcating and staying the bad faith claim.  (DN 8.)

Plaintiff brings this action to recover underinsured motorist coverage against Defendant for damages resulting from a car accident involving Plaintiff and Defendant's insured.  (DN 1, at PageID # 4–6.)  Plaintiff also alleges that Defendant acted in bad faith in refusing to settle Plaintiff's claim.  (*Id.*, at PageID # 6.)  The Parties' instant filings raise two issues: (1) whether to bifurcate the case for trial; and (2) whether to stay discovery as to the bad faith claim.  Resolution of both issues is within a trial court's discretion.  *C.A. Jones Mgmt. Group, LLC v. Scottsdale Indem. Co.*, 2015 U.S. Dist. LEXIS 33430, *3-4 (W.D. Ky. March 18, 2015) (citations omitted); *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (stating that a district court's decision to bifurcate a trial is reviewed for abuse of discretion).

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. P. 42(b).

"The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course. Thus, Rule 42(b) should be resorted to only as the result of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule." *Frank Betz Assocs. v. J.O. Clark Constr., LLC*, 2010 U.S. Dist. LEXIS 117961, *3 (M.D. Tenn. Nov. 5, 2010) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2388 (3d ed. 2008)) (footnotes omitted). In *White v. ABG Caulking*, this Court provided a succinct discussion of the policy reasons for permitting bifurcation in a case involving bad faith claims:

> [B]ifurcation serves the interests of judicial economy and convenience where resolution of one claim may resolve the entire matter. Bifurcation of the trials will avoid the expense of litigating issues that may never arise. Bifurcation also will permit the jury to focus on a single issue at a time, thereby avoiding the introduction of potentially confusing evidence until absolutely necessary. Furthermore, the Court recognizes the risk of prejudice, particularly to [the defendant facing a bad faith claim], inherent in trying [the plaintiff's] bad faith claim simultaneously with its negligence claim[.] Trying the two claims together would be prejudicial because it would unnecessarily interject the issue of bad faith into the primary dispute of liability, thereby making discovery more difficult and complicating the issues at trial . . . Bifurcation would not, however, prejudice [the plaintiff], as it will have the opportunity to litigate its bad faith claim . . . if it succeeds on its underlying [negligence] claim . . . .

2014 U.S. Dist. LEXIS 32413 at *4-5 (citing *Shearer v. Ohio Cas. Ins. Co.*, 2012 U.S. Diest. LEXIS 134903, *2 (E.D. Ky. Sept. 20, 2012); *Hardy Oil Co. v. Nationwide Agribusiness Ins. Co.*, 2011 U.S. Dist. LEXIS 139932, *1 (E.D. Ky. Dec. 6, 2011); *Pollard v. Wood*, 2006 U.S. Dist. LEXIS 13459, *2 (E.D. Ky. Mar. 27, 2006)).

The considerations above favor bifurcation in this case. If Plaintiff's underlying underinsured motorist claim is resolved in favor of Defendants, then her bad faith claim against Defendant will necessarily fail. Thus, bifurcation will allow the Parties to avoid expenses associated with litigating a bad faith claim that may never move forward. It will also reduce the risk of confusion of issues, prevent prejudice to Defendant, and further judicial economy.

Good cause also exists to grant the Parties' request that the Court stay discovery on the bad faith claim until the negligence claims are resolved. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of a case are determined." *ABG Caulking*, 2014 U.S. Dist. LEXIS 134903, *5 (quoting *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (internal citation omitted)). Here, the Court finds that staying discovery of Plaintiff's bad faith claim against Defendant pending resolution of her underinsured motorist claim would prevent prejudice, eliminate potentially unnecessary litigation expenses, and promote the interest of judicial economy.

Accordingly,

IT IS HEREBY ORDERED that DN 7 and DN 8 are **GRANTED**. Plaintiff's bad faith claim is hereby **BIFURCATED** for purposes of trial. Discovery as to the bad faith claim is hereby **STAYED** pending further order of the Court.

Colin H Lindsay, Magistrate Judge
United States District Court

December 28, 2021

cc: Counsel of record